UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DOMINIQUE D. CLARK,<br><br>Plaintiff,<br><br>v.<br><br>RON NEAL, *et al.*,<br><br>Defendants. | CAUSE NO. 3:23-CV-1013-PPS-JPK |

OPINION AND ORDER

Dominique D. Clark, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) As required by 28 U.S.C. § 1915A, I must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Clark is proceeding without counsel, and therefore I must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Clark is currently an inmate at Wabash Valley Correctional Facility. His claims stem from an incident that occurred in February 2022 when he was incarcerated at Indiana State Prison (ISP). He claims that during the winter months, the outdoor

recreation area designated for inmates in disciplinary segregation was like a "sheet of ice." (ECD 1 at 3.) He was concerned about slipping and spoke with several correctional employees about the ice, but no one allegedly did anything. He claims they told him it "wasn't their job to babysit grown men" and that they had "more important things to worry about." *Id.* He also allegedly wrote letters to Warden Ron Neal and Major Wardlow (first name unknown) but claims he "never heard anything back." (*Id.* at 4.) On February 27, 2022, he went out for recreation time and noticed it was still icy. He complained to the officer present, who allegedly brushed off his concerns and told him he could either go in or go back to his cell. He decided to go in the recreation area and after "walking around for a little while" he slipped on the ice, fell, and hit his head. (*Id.* at 5.) He claims he temporary lost consciousness and suffered headaches and lower back pain after this incident. (*Id.* at 5-6.) He seeks monetary damages from Warden Neal, Major Wardlow, and six other correctional employees for failing to ensure he had a safe environment for outdoor recreation.

When asked on the complaint form whether he ever sued anyone before over this incident, Mr. Clark answered "no." (ECF 1 at 15.) This statement is false. In fact, Mr. Clark sued the same eight defendants over this incident last year, raising identical allegations about slipping on the ice on February 27, 2022. *See Clark v. Neal, et al.*, No. 3:23-CV-648-PPS-JPK (N.D. Ind. closed Oct. 2, 2023). That case was filed in July 2023 and dismissed in October 2023 under 28 U.S.C. § 1915A for failure to state a claim. Only a month after the dismissal, Mr. Clark filed the present complaint asserting the same claims and falsely stating that he had never sued anyone regarding this incident before.

2

I have inherent authority to sanction a party for conduct that hampers my ability to "control [my] docket or manage the flow of litigation," up to and including dismissal of the case. *Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877 (7th Cir. 2019). This rule "applies with equal force to the situation . . . in which a prisoner fails to list [his] complete litigation history despite a complaint form that calls for such disclosure." *Id.* The omission must be both intentional and material. *Id.* The materiality prong is satisfied "[i]f an undisclosed past case was dismissed as frivolous, malicious, or failed to state a claim," particularly where the case "has significant factual overlap with the currently-filed case." *Id.* at 880.

It is critical to the functioning of the court that prisoners answer questions about their litigation history honestly. Here, the omission was obvious because I presided over the prior case, but it would have been considerably more difficult to uncover a prior lawsuit about this incident filed in another District, which could have wasted judicial resources or resulted in inconsistent judgments. Given how recently the other case was filed, I find it highly unlikely that Mr. Clark simply forgot about it or did not realize he sued the same defendants about this incident last year. Additionally, Mr. Clark did not simply neglect to list the prior case, but affirmatively answered "no" when asked whether he had previously sued about this same incident.

I might be justified in dismissing on this ground, but in this instance I will not impose the harsh sanction of dismissal. Mr. Clark is cautioned, however, that any false statements he makes in future filings (including any new lawsuits he files) will expose

him to sanctions, including monetary penalties, filing restrictions, and/or dismissal of the case.

The case must be dismissed for other reasons. Claim preclusion, also called res judicata, bars the relitigation of claims that were brought or could have been brought in another suit that has reached final judgment. *Valbruna Slater Steel Corp. v. Joslyn Mfg. Co.*, 934 F.3d 553, 560 (7th Cir. 2019). The doctrine was intended to "protect against the expense and vexation attending multiple lawsuits, conserve judicial resources, and foster reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (citation and internal quotation marks omitted). For the doctrine to apply, there must be: "(1) an identity of the parties or their privies; (2) an identity of the causes of actions; and (3) a final judgment on the merits." *Hwy. J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (citation and internal quotation marks omitted). There is an identity of causes of action if the cases "arise out of the same transaction" or share a "common core of operative fact." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). If these requirements are met, res judicata bars not only those issues that were actually decided in the prior case, but also issues that could have been raised. *Id.* Although res judicata is an affirmative defense, "dismissal at screening is proper when it is clear from the face of the complaint that res judicata bars the claims." *Atherton v. St. Vincent Hosp.*, 774 F. App'x 304, 305 (7th Cir. 2019).

These requirements are satisfied here. It is clear from the face of the complaint that both cases involve the same parties: Mr. Clark and the same eight defendants—Ron

4

Neal, Major Wardlow, Lieutenant Lott, Sergeant Teague, Sergeant Bass, Sergeant Arnold, Officer Washington, and Officer D.J. There is an identity of the causes of action, as both cases stem from injuries Mr. Clark allegedly suffered after slipping on ice in the outdoor recreation area at ISP in February 2022. There was a final judgment on the merits in the earlier case, which was dismissed for failure to state a claim. *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (dismissal for failure to state a claim counts as final judgment on the merits for res judicata purposes). Therefore, this case is barred by res judicata.

Assuming for the sake of argument Mr. Clark could get around this procedural bar, his claims fail for the same reasons as his earlier suit. As outlined in detail in the screening order issued in that case, the icy conditions he describes do not rise to the level of an Eighth Amendment violation. *See, e.g., Perkins v. Atrisco*, No. 3:22-CV-1052-DRL-JEM, 2023 WL 2346275, at *2 (N.D. Ind. Mar. 2, 2023) ("Federal courts are consistent in holding that slip-and-fall incidents, whether on ice, water, or slippery floors, do not meet the deliberate indifference standard of Eighth Amendment conditions of confinement claims."). Additionally, Warden Neal and Major Wardlow cannot be sued for failing to adequately train employees about removing snow and ice from the recreation area, because a failure-to-train claim can only be brought against a municipal actor, not a state official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989); *Brown v. Budz*, 398 F.3d 904, 918 (7th Cir. 2005). Even then, the failure to train must be "tantamount to 'deliberate indifference,'" which Mr. Clark does not plausibly allege. *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000).

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). As outlined above, Mr. Clark's complaint is barred by res judicata and his allegations do not give rise to a federal constitutional claim. I find no basis to conclude that if given another opportunity, he could assert a claim for relief consistent with the allegations he has already made under penalty of perjury.[1]

For these reasons, this action is DISMISSED under 28 U.S.C. § 1915A. The clerk is DIRECTED to close the case.

SO ORDERED.

ENTERED: January 9, 2024.

                                                 /s/   Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT

---

[1] I note that he was given an opportunity to replead his claims in the prior case before it was dismissed, but he did not avail himself of that opportunity. *See Clark*, No. 3:23-CV-648-PPS-JPK.